Stern *et al.* agt. Staples.

## N. Y. MARINE COURT.

DANIEL M. STERN *et al.*, respondents, agt. ORRIN G. STAPLES, appellant.

*Marine court — Undertaking — Sureties — Before whom they may justify.*

The defendant having been ordered to be relieved from a default to file an undertaking conditioned to pay any judgment that might be recovered, with two sureties justified:

*Held,* that he complied with the order by filing an undertaking justified before the county judge of Jefferson county, the county of their and the defendant's residence.

Every justification made before the county judge of the parties' residence is good.

*General Term, October,* 1881.

*Before* SHEA, *Ch. J.,* NEHRBAS *and* GOEPP, *JJ.*

THIS appeal was brought from two several orders made by justice JAMES B. SHERIDAN on the 16th and 22d days of June, 1881, respectively; the first denied defendant's motion to open his default, with ten dollars costs; the second denied defendant's motion to vacate and set aside the first mentioned order, with ten dollars additional costs, and vacating and setting aside the stay of proceedings granted in the action. A summons and complaint were served on the defendant personally, in the city of New York, on the 26th day of April, 1881, the defendant at that time being a resident of the city of Watertown, Jefferson county, and casually in the city of New York, who, on his return home, handed the papers to Dennis O'Brien, Esq., his attorney, with instructions to appear and defend the action. By a misapprehension, the attorney supposing the action to be in the supreme court, omitted to appear or answer in time, and judgment was docketed against the defendant by default May 3, 1881.

A motion was then made for leave to appear in and defend said action, and the same was denied by Mr. justice NEHRBAS, "with ten dollars costs to plaintiffs, unless said defendant,

within ten days from the date of the order, pay to the plaintiff's attorney ten dollars costs of that motion, and filed with the clerk of said court an undertaking in the penalty of two hundred and fifty dollars, with two sufficient sureties, conditioned for the payment of any judgment that might be recovered by said plaintiffs in this action;" and the sureties upon said undertaking were thereby required to justify within two days after service thereof. A copy of said undertaking, with notice of filing, was served upon the plaintiffs' attorney June 11, 1881, the same being within said ten days; also a notice that the sureties in said undertaking would appear before the county judge of Jefferson county, at his chambers in the city of Watertown, on Monday, the 13th of June, 1881, at 4 P. M. of that day, to justify under and in pursuance of the terms of the order. The ten dollars costs required to be paid by said order were duly paid to plaintiffs' attorney; but though said attorney accepted the costs he insisted the sureties must justify before a judge of the marine court of the city of New York; and to compel such justification in said city of New York he obtained an order from said justice SHERIDAN restraining the defendant from justifying under the notice served in accordance with the terms of said order, and to show cause why plaintiffs should not enter an order denying defendant's motion to open his default. No one appearing to oppose this motion on behalf of defendant, the plaintiffs' attorney took an order denying defendant's motion to open his default with ten dollars further costs against him. After the entry of this order, and on June 17, 1881, defendant procured an order to show cause why the order of June sixteenth should not be vacated as *irregularly entered*, which was denied by justice SHERIDAN, with ten dollars further costs, and the stay of plaintiffs' proceedings vacated.

*Anson B. Moore* and *H. M. Haigh*, for defendant and appellant.

*D. P. Hays*, for plaintiffs and respondents.

Stern *et al.* agt. Staples.

SHEA, *C. J.*—The orders appealed from are reversed, with costs, and the defendant is at liberty to proceed with the justification of sureties before the county judge of Jefferson county (*Seed* agt. *Teale*, 2 *N. Y. Weekly Dig.*, 545; McADAM, *J.*), or, as the defendant may be advised, under the other provisions of the Code, upon five days' previous notice by mail or personally to the attorney for the plaintiffs.

GOEPP, *J.*—The defendant having been ordered to be relieved from a default, in supposing a summons to be returnable in twenty days, instead of six, to file an undertaking conditioned to pay any judgment that might be recovered, with two sureties justified, complied with the order by filing an undertaking justified before the county judge of Jefferson county, the county of their and of the defendant's residence. The order rejects the undertaking because not justified before a justice of the court in New York. By rule 5, every justification made before the county judge of the parties' residence is good.

The forms of the supreme court shall be applicable to the marine court (*McAdam's Marine Court Practice*, sec. 40, *page* 293; *Id.*, *page* 228).

The sureties on an undertaking given to discharge an attachment in the marine court may justify before a county judge of the county in which they reside (*Seed* agt. *Teale*, 2 *W. D.*, 545).

The orders appealed from are reversed, with costs and disbursements of the appeal to the appellant.